**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
WILLIAM ROSS, TREVOR ROSS, JEFFREY LANG, and BRANDON CONKLIN,

            Plaintiffs,

   -against-

ARTISAN STONE OF NY LLC, DAVID WRIGHT, and KAREN JOY,

           Defendants.
-----------------------------------------------------------X

22-cv-08974

**COMPLAINT**

Plaintiffs, WILLIAM ROSS ("William Ross"), TREVOR ROSS ("Trevor Ross"), JEFFREY LANG ("Lang"), and BRANDON CONKLIN ("Conklin") (collectively, "Plaintiffs"), as and for their Complaint against Defendants, ARTISAN STONE OF NY LLC ("Artisan Stone"), DAVID WRIGHT ("Wright"), and KAREN JOY ("Joy") (collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to their employment with Defendants.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiffs are adult males who reside in the State of New York.

6. Upon information and belief, Wright is an adult male who resides in the State of New York.

7. Upon information and belief, Joy is an adult female who resides in the State of New York.

8. Upon information and belief, Artisan Stone is a domestic limited liability company duly organized and existing under the laws of the State of New York.

9. Upon information and belief, Artisan Stone maintains a principal place of business located at 1 Kimberly Terrace, Monroe, New York 10950.

## FACTS

10. Artisan Stone owns and operates a landscaping construction business that services residential properties in New York.

11. Plaintiffs are former employees of Artisan Stone.

12. Upon information and belief, Artisan Stone maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

13. Upon information and belief, at all relevant times, Wright was an owner, officer, director, member, and/or managing agent of Artisan Stone.

14. Upon information and belief, at all relevant times, Joy was an owner, officer, director, member, and/or managing agent of Artisan Stone.

15. Upon information and belief, at all relevant times, Wright was the President of Artisan Stone.

16. Upon information and belief, at all relevant times, Wright was the Chief Operating Officer of Artisan Stone.

17. Upon information and belief, at all relevant times, Wright and Joy participated in running the daily operations of Artisan Stone.

18. At all relevant times, Wright and Joy participated in the management and supervision of Plaintiffs and their work for Artisan Stone.

19. Upon information and belief, at all relevant times, Wright and Joy exercised operational control over Artisan Stone, controlled significant business functions of Artisan Stone, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Artisan Stone in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

20. As such, Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiffs.

21. Defendants employed William Ross from on or about July 7, 2022 until on or about September 14, 2022.

22. Defendants employed Trevor Ross from on or about September 8, 2022 until on or about September 14, 2022.

23. Defendants employed Lang from on or about March 27, 2021 until on or about July 20, 2021 and again from on or about July 5, 2022 until on or about September 14, 2022.

24. Defendants employed Conklin from on or about August 1, 2022 until on or about September 14, 2022.

25. Defendants employed Plaintiffs as manual laborers for their benefit and at their direction.

26. Plaintiffs' primary job duty was to perform landscaping construction at Defendants' customers' residential properties.

27. Defendants did not require Plaintiffs to punch in or out of their daily shifts.

28. Upon information and belief, Defendants did not keep and maintain time records for the hours that Plaintiffs worked.

29. Throughout their respective periods of employment, Plaintiffs worked Monday through Friday from about 7:00 a.m. until about 7:00 p.m., Saturday from about 8:00 a.m. until about 6:00 p.m., and two (2) Sundays a month from about 8:00 a.m. until about 4:00 p.m.

30. During their employment, Plaintiffs typically worked approximately seventy-eight (78) hours a week.

31. Defendants paid Plaintiffs an hourly rate of pay for all hours worked.

32. Defendants paid Plaintiffs straight time for all hours worked.

33. Defendants did not pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times their regular rate of pay.

34. Defendants did not pay William Ross, Lang, and Conklin any wages for their final two (2) weeks of work.

35. Defendants did not pay Trevor Ross any wages for his week of work.

36. Defendants failed to provide Plaintiffs with a wage notice at the time of their hiring or anytime thereafter, as required by NYLL § 195(1).

37. Defendants failed to provide Plaintiffs with complete and accurate paystubs along with their weekly earnings, as required by NYLL § 195(3).

38. Wright and Joy participated in the decision to hire Plaintiffs.

39. Wright and Joy participated in the decision to fire Plaintiffs.

40. Wright and Joy participated in deciding the job duties that Plaintiffs performed.

41. Wright and Joy participated in the supervision of Plaintiffs' job duties and responsibilities.

42. Wright and Joy participated in setting Plaintiffs' work schedules.

43. Wright and Joy participated in deciding the hours that Plaintiffs worked.

44. Wright and Joy participated in deciding the manner in which Plaintiffs were paid.

45. Wright and Joy participated in deciding the compensation Plaintiffs were paid.

46. Wright and Joy participated in running the day-to-day operations of Artisan Stone during Plaintiffs' employment.

47. Defendants managed Plaintiffs' employment, including the amount of time they worked each week.

48. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

49. Defendants were aware of Plaintiffs' work hours but failed to pay them the proper wages to which they were entitled under the law.

50. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## <u>FAILURE TO COMPENSATE FOR OVERTIME</u>

51. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

53. Artisan Stone was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

54. At all times relevant to this Complaint, Artisan Stone had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who handled construction materials, equipment, tools, and other goods that originated outside of New York and were used in construction at New York residential properties.

55. Upon information and belief, the gross annual volume of sales made or business done by Artisan Stone in the applicable year(s) was not less than $500,000.00.

56. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

58. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

59. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

60. However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during their employment.

61. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether its conduct violated the FLSA.

62. Defendants did not act in good faith with respect to the conduct alleged herein.

63. As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

64. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

66. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

67. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the NYLL and the Regulations pertaining thereto.

68. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for

Defendants.

69. Plaintiffs were not exempt from the overtime provisions of the NYLL during their employment because they did not meet the requirements for any of the exemptions available under the NYLL.

70. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

71. Defendants did not act in good faith with respect to the conduct alleged herein.

72. As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

73. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. As set forth herein, Defendants failed to pay William Ross, Lang, and Conklin the regular wages that they earned during the final two (2) weeks of their employment with Defendants in violation of Article 6 of the NYLL.

75. As set forth herein, Defendants failed to pay Trevor Ross the regular wages that he earned during his week of employment with Defendants in violation of Article 6 of the NYLL.

76. Defendants willfully failed to pay Plaintiffs their regular wages in violation of Article 6 of the NYLL and its supporting Regulations.

77. Defendants have not acted in good faith with respect to the conduct alleged herein.

78. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

79. As a result of Defendants' violations of the NYLL and its supporting Regulations, Plaintiffs have incurred harm and loss in an amount to be determined at trial and is entitled to recover from Defendants his unpaid regular wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

80. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. Defendants willfully failed to furnish Plaintiffs with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

82. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

83. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### COUNT V
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

84. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

86. Through their knowing and intentional failure to provide Plaintiffs with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

87. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, THE NHG LAW GROUP, P.C., demand judgment against Defendants and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiffs overtime compensation and regular wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with complete and accurate wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
October 20, 2022

                                       THE NHG LAW GROUP, P.C.

                                       _____
                                       By: Keith E. Williams, Esq.
                                       *Attorneys for the Plaintiffs*
                                       4242 Merrick Road
                                       Massapequa, New York 11758
                                       Tel: 516.228.5100
                                       keith@nhglaw.com
                                       nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to the filing of this lawsuit against Artisan Stone of NY LLC, Karen Joy, and David Wright in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: September 20, 2022

By: William Ross

## FAIR LABOR STANDARDS ACT CONSENT FORM

      I, the undersigned, consent to the filing of this lawsuit against <u>Artisan Stone of NY LLC, Karen Joy, and David Wright</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: September 20, 2022

By: *[signature]* Trevor Ross

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to the filing of this lawsuit against Artisan Stone of NY LLC, Karen Joy, and David Wright in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: September 20, 2022

By: *Jeffrey Lang*
Jeffrey Lang

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to the filing of this lawsuit against <u>Artisan Stone of NY LLC, Karen Joy, and David Wright</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: September 20, 2022

By: Brandon Conklin